No. 3575

Second Circuit

---

PRATER v. PORTER ET AL.

---

(February 26, 1931. Opinion and Decree.)

---

Henry W. Bethard, Jr., of Coushatta, attorney for plaintiff, appellant.

Nettles & Stephens, of Coushatta, attorneys for defendant, appellee.

McGREGOR, J. In this case the plaintiff, Emma Hall Prater, alleges that she is the sole and only heir of the deceased Hardy Hall; that she "has been sent into possession, as the fee simple owner, of all of the property of whatsoever nature and kind and wherever situated, rights, titles, actions and credits of the said Hardy Hall, etc." She alleges further that the said Hardy Hall, on July 9, 1924, twenty days prior to his death, when his death was momentarily expected, was induced fraudulently by the defendants Jane and Willie Hall, to sign a donation to them of all his property, said donation being disguised in the form of a sale; that this property consisted of 120 acres of land worth $2,100, and the crop thereon, worth $1,000.

On February 4, 1928, Jane and Willie Hall conveyed 80 acres of this 120 acres to defendant A. T. B. Porter for a consideration of $1,300 cash, and on February 29, 1928, the said A. T. B. Porter mortgaged the same to the Bank of Coushatta for $500.

It is contended by the plaintiff that, since the transaction between the deceased Hardy Hall and the defendants Jane and Willie Hall, on July 9, 1924, is null because of fraud, the said Jane and Willie Hall had no title to the land, and having none, they could not and did not transfer a valid or legal title to defendant A. T. B. Porter on February 4, 1928; and that, therefore, the defendant Porter could not and did not grant a legal mortgage for any sum to the Bank of Coushatta.

It is further contended that, since the two above named deeds were invalid and illegal and since no titles were therefore legally conveyed, the defendants Jane and

Willie Hall are indebted to the plaintiff not only to return the 120 acres of land to her but also are indebted to her in the sum of $1,000 for the crop on the said land and in the sum of $800 as rent on the said land while it was in their possession; and that the defendant A. T. B. Porter is indebted to her in the sum of $160 for rent on the 80 acres for the time that it was in his possession.

This suit was brought to annul the two alleged sales together with the conventional mortgage, and to secure moneyed judgments against the defendants, and judgment was prayed for (1) to declare plaintiff the owner of the 120 acres of land, valued at $2,100; (2) to annul and declare void the sale from Hardy Hall to Jane and Willie Hall; (3) to declare null and void the sale from Jane and Willie Hall to A. T. B. Porter; (4) to declare null and void the mortgage from A. T. B. Porter to the Bank of Coushatta; (5) for $1,800 against Jane and Willie Hall and for $160 against A. T. B. Porter.

From the foregoing it will be seen that the aggregate amount involved in this suit is as follows:

1. Value of land_____$2100
2. Value of crop_____ 1000
3. Value of rent_____ 960

Total _____$4060

An exception of no cause of action was filed by the defendants A. T. B. Porter and the Bank of Coushatta, which exception was tried and sustained, and the suit as to them was dismissed. A preliminary default was asked for and granted as to the defendants Jane and Willie Hall, but no further action was taken.

From the judgment of the court sustaining the exception of no cause of action filed by defendants A. T. B. Porter and the Bank of Coushatta, the plaintiff prosecutes this appeal.

From the foregoing it will be seen that the amount involved in this suit is the sum of $4,060. It may be contended that the issue between the plaintiff and the defendants A. T. B. Porter and the Bank of Coushatta involves less than $2,000 and that, therefore, the appeal has been properly lodged in this court. No issue as to the jurisdiction of this court has been raised by any of the parties, but under the authority of and by virtue of the discretion granted to us by Act No. 19 of 1912 we find that this appeal should have been to the Supreme Court.

It is clear that primarily the matter in dispute in this suit is the title to 120 acres of land, valued by the plaintiff at $2,100, and a moneyed judgment for $1,960 additional. If we were to decide this case our judgment would adjudicate upon a matter in dispute over a value exceeding $2,000. State v. Judges, 42 La. Ann. 589, 7 So. 632.

For the reasons assigned it is ordered that, upon the appellant paying the cost incurred as the result of the present appeal having been brought to this court instead of the court having jurisdiction ratione materiae, the case be transferred to the Supreme Court, under the provisions of Act No. 19 of 1912, within thirty days.